FILED
MAY 18 2010
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Dwight McFarland Bey,**

    **Plaintiff,**

v.       Civil Action No.

**Ken Salazar,**       10 0829

    **Defendant.**

## MEMORANDUM OPINION

The plaintiff has filed an application to proceed without prepayment of fees and a pro se complaint. The application will be granted and the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The plaintiff is identified as a member of the Washitaw Nation of Muurs, and this case is identified as a putative class action related to *Cobell v. Salazar*, 96-cv-1285 (JR) (D.D.C.). Compl. at 1-3. Making reference to an "Indigenous Washitaw Contract" dated June 20, 1797, and confirmed and ratified by Congress on April 29, 1816, *see* Compl. at 3, the plaintiff seeks relief in the form of orders for two writs of mandamus, one "in the nature of a Subrogation / Indemnification Action for both 'compensatory' and 'exemplary' damages," and the other for "'just compensation' in an amount assessed by the Court for Fifth Amendment 'takings' . . . ." Grounds and Relief Sought at 2.

The request for mandamus relief requires that this complaint be dismissed. The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Only "exceptional circumstances" warranting "a judicial usurpation of power" will justify issuance of the writ. *Gulfstream*

*Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (internal quotation marks omitted)); *see also Doe v. Exxon Mobil Corp.*, 473 F.3d 345, 353 (D.C. Cir. 2007) (stating that mandamus is "an extraordinary remedy reserved for really extraordinary cases") (internal quotation marks and citation omitted). Mandamus is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation,* 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart,* 292 F.3d 781, 784 (D.C. Cir. 2002)). With respect to the first two requirements, mandamus is available "only where the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon v. U.S. Dep't of State*, 170 F.3d 191 (D.C. Cir. 1999) (per curiam) (internal quotation marks and citation omitted).

The complaint does not, and on these facts cannot, establish either that the plaintiff has a clear right to the relief requested or that the defendant has a clear duty to perform a ministerial, clearly defined, and peremptory act. Accordingly, the complaint will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

A separate order accompanies this memorandum opinion.

Date: April 14, 2010

United States District Judge